DOBSON v. FARBENFABRIKEN OF ELBERFELD CO. et al.

(District Court, E. D. Pennsylvania.    June 25, 1913.)

No. 2,466, March Sess. 1913.

1. COURTS (§ 275*)—FEDERAL COURTS—FOREIGN CORPORATION.
    In an action against a foreign corporation, it is essential to support the jurisdiction of the court that it shall appear somewhere in the record, either in the application for the writ or accompanying its service or in the pleadings or findings of the court, that the corporation is engaged in business in the district.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 275.*]

2. CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS—ACTIONS—SERVICE—STATE STATUTES.
    Service of Process Act Pa. June 9, 1901 (P. L. 614) § 2, subd. E, provides that a corporation may be served by handing a true and attested copy of the writ at any of its offices, depots, or places of business to its agents or person for the time being in charge of such office, if on inquiry thereat the residence of one of its designated officers within the county is not ascertained, or if from any cause an attempt to serve at the residence given has failed. Held that, where suit was brought against a corporation organized under the Laws of Germany, a New York corporation alleged to have been organized by it to transact its business in the United States, and having a place of business in Philadelphia, plaintiff having alleged that the New York company was the German Company's agent, and was organized to do the very acts complained of by reason of which plaintiff sued to recover treble damages under the Anti-Trust Act of July 2, 1890, c. 647, § 7, 26 Stat. 210 (U. S. Comp. St. 1901. p. 3202), service of process on officers of the New York Company at its

office in Philadelphia conferred jurisdiction, not only of the New York Company, but of the German Company as well.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*]

3. CORPORATIONS (§ 668*)—SERVICE—CORPORATIONS—AGENTS.

Service of Process Act Pa. July 9, 1901 (P. L. 614) § 2, subd. E, provides that a corporation may be served by handing a copy of the process at any of its offices, depots, or places of business to its agents or person for the time being in charge thereof, if on inquiry thereat the residence of one of such officers previously specified within the county is not ascertained, etc. *Held*, that such section did not necessarily contemplate service on an individual representing the corporation as an agent, but authorized service on a foreign corporation by service on another corporation representing the foreign company as its agent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*]

In Equity. Suit by James Dobson against the Farbenfabriken of Elberfeld Company and another. On motion to set aside service of writ of summons and return. Denied.

George Demming, Charles H. Burr, and Thomas Earle White, all of Philadelphia, Pa., for plaintiff.

Francis B. Bracken, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. This suit is brought under the seventh section of Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202) against Farbenfabriken of Elberfeld Company, a corporation organized and existing under the laws of the state of New York, hereinafter referred to as the New York Company, and Farbenfabriken Vormals Friederich Bayer & Company, of Elberfeld, an alien corporation organized and existing under the laws of the empire of Germany, hereinafter referred to as the German Company.

The act provides that suit may be brought in any District Court of the United States "in which the defendant resides or is found." The present motion is as to the service upon the German Company. The marshal's return, after reciting service upon the New York Company, sets out service upon the German Company as follows:

"Also on the same date on the Farbenfabriken Vorm. Fr. Bayer & Company, Elberfeld, an alien corporation incorporated under the laws of the empire of Germany, by handing an attested copy thereof at No. 9 North Water street, Philadelphia, Pennsylvania, the place of business of the agents of the said defendant, to wit, the Farbenfabriken of Elberfeld Company, to Alfred J. Keppelman, the manager of said company and in charge of the affairs thereof, having duly inquired at said place of business the residence of any of the officers of said defendant within the district, and having failed to ascertain the same."

The specific reasons set up by the defendants for setting aside the service and the return are as follows:

"(1) That the return does not show or allege that the said corporation was transacting business, or that it had an office or place of business, in the state of Pennsylvania.

"(2) That the said return does not state that the said writ was served upon any officer or agent of the said corporation, competent to accept service of said writ on behalf of the defendant."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendants contend that the return is defective under the Service of Process Act of Pennsylvania of July 9, 1901 (P. L. 614), and is further defective in its failure to show that the German Company has any existence in this jurisdiction acquired through the exercise of corporate functions or the transaction of business here.

[1] It is essential, in order to support the jurisdiction of the court, that it shall appear somewhere on the record either in the application for the writ or accompanying its service or in the pleadings or the findings of the court that the corporation is engaged in business in the district. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222.

. "In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served and in which it is bound to appear when a proper agent has been served with process." St. Louis Southwestern Ry. Co. of Texas v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. ——, and cases there cited.

[2] The Service of Process Act Pa. July 9, 1901 (P. L. 614), § 2, subd. E, provides that a corporation may be served—

"by handing a true and attested copy thereof, at any of its offices, depots or places of business, to its agents or person for the time being in charge thereof, if upon inquiry thereat the residence of one of said officers within the county is not ascertained, or if from any cause an attempt to serve at the residence given has failed."

In order to sustain the service, therefore, sufficient facts must appear from the record to establish (1) the presence of the corporation through its agents in the district in the exercise of its corporate functions; (2) that the New York Company is its agent in the district; and (3) that No. 9 North Water street, Philadelphia, where the writ was served, the place of business of the alleged agent, is the office or place of business of the German Company.

The plaintiff's statement of claim contains the averment that the German Company "is found in the Eastern District of said state," which, while a conclusion of law, is supported by the following averments bearing upon the questions involved in the present motion:

"The defendants are engaged in the business of manufacturing, producing, and selling dyestuffs and dyeing materials of various kinds. The defendant Farbenfabriken of Elberfeld Company is the agent of the Farbenfabriken Vormals Friederich Bayer & Company, of Elberfeld, the defendant German corporation. This defendant alien corporation, the Farbenfabriken Vormals Friederich Bayer & Company, is engaged in the manufacture of dyestuffs at Elberfeld, Germany. Through agents it sells its products throughout the world, including the various states of the United States of America, and maintains an office in the city of Philadelphia, state of Pennsylvania.

"The said defendant alien corporation procured the incorporation of the New York corporation defendant Farbenfabriken of Elberfeld Company to act as its agent and to sell dyestuffs throughout the United States of America, including the state of Pennsylvania. That the said New York corporation defendant is the corporate creature of the said German alien corporation, and is an attempt by such device and means to evade the provisions of the aforesaid act of July 2, 1890, and to accomplish within the United States of America and the state of Pennsylvania the illegal purposes in restraint of trade embodied in the aforesaid 'cartel' or agreement, and the illegal combination thereby effected. That all the actions, sales, and methods of doing

business and corporate existence of the defendant herein, the New York corporation, defendant, and the alien defendant corporation, are done in furtherance of the aforesaid 'cartel' or agreement in restraint of trade and illegal combination, and were and are intended to effectuate the purposes of said 'cartel' or agreement, and illegal combination throughout the various states comprising the United States of America, including the state of Pennsylvania."

The averments standing uncontradicted are sufficient in my opinion to establish that the German Company is carrying on through the New York Company as its agent the very business which is charged in the statement of claim to have been conducted in violation of the act of Congress. It is averred that all the actions and sales of the New York Company are done in furtherance of the alleged agreement in restraint of trade and illegal combination and intended to effectuate the purposes of that agreement; that the German Company procured the incorporation of the New York Company to act as its agent and to sell dyestuffs in the state of Pennsylvania. Taken altogether, the averments in the statement of claim indicate that the sole business of the New York Company is to act as agent for the German Company in the sale of its dyestuffs under the alleged unlawful agreement; that it was incorporated for that very purpose. While the averment that the German Company "maintains an office in the city of Philadelphia" does not expressly identify such office with the place of business of the New York Company, yet the statements as to the business and the purpose of organization of the New York Company are sufficient to sustain the conclusion that the office alleged to be maintained by the German Company through its agent in Philadelphia is the office and place of business of its agent, the New York Company, as set out in the return.

[3] It follows that the service at that office was a service at the place of business of the German Company within the district. It is urged on behalf of the defendant, the German Company, that the Pennsylvania Act of 1901 permitting service upon a corporation at its place of business by service upon its agents or person for the time being in charge thereof was intended to apply to an individual representing it as agent and not to a corporation so representing it. No authorities have been cited to sustain that contention. It appears that the German Company has constituted the New York Company its agent and transacts its business in this district through that company. The service upon the New York Company is without doubt sufficient to bring it into court; and, inasmuch as the writ was served upon it as agent in the same manner in which it was served upon it as principal, my opinion is that service in that manner is sufficient to bring its principal, the German Company, into court.

In the absence of registration by a foreign corporation under the laws of Pennsylvania under which service may be made upon the duly registered attorney or agent or the person in charge at the registered place of business, a foreign corporation would be enabled to carry on business within the district through a corporate agent and be immune from service of process if it could not be served through its corporate agent in the manner in which service was made in this case.

The motion is overruled.