MATROZOS v. GULF OIL CORPORATION et al.

District Court, S. D. New York.
May 24, 1943.

Arkin, Lebovici & Kottler, of New York City, for libelant.

Carpenter & Stevenson, of New York City, for respondent.

CONGER, District Judge.

This is a motion by the respondent Mene Grande Oil Company, C. A., a Venezuelan corporation, sued as Mene Grande Oil Company, for an order vacating the service of the citation herein on the ground of lack of jurisdiction over the person of that respondent.

The action is brought by Constantinos Matrozos, a seaman, for damages against the two respondents, the Gulf Oil Corporation and the movant. The libelant was formerly an employee of the Mene Grande Oil Company, working as an engineer on its Venezuelan documented vessels after being hired by the Gulf Oil Corporation. The libelant's causes of action arise out of the employment.

As appears from the Deputy Marshal's return, the citation was attempted to be served at 17 Battery Place, New York City, upon both respondents on April 9, 1943, by "leaving a copy of the citation with Mr. R. F. Green, Claim Agent for Gulf Oil Co. and leaving a copy of the citation on his desk for Mene Grande Oil Co. as instructed by Proctor for libelant. (Mr. Green refused to accept service for Mene Grande Oil Co. claiming no connection with said company)."

Greene's affidavit shows his name to be Gerald F. Greene and his position to be "assistant to the Manager of the Gulf Oil Corporation Marine Department". His duties involve attention to those claims against Gulf Oil Corporation in which its Marine Department is concerned. He states that he is not and has not been an employee of the moving respondent and that he advised the Deputy Marshal that he would not accept service for that respondent and that he had no authority to accept such service except for his employer.

It is agreed that the Mene Grande Oil Company, C. A., is a wholly owned subsidiary of the Gulf Oil Corporation, having no offices, place of business, telephone listing or the like in this state, and having separate officers and directors from the parent corporation. It is also not denied that the libelant was employed by the Gulf Oil Corporation for the subsidiary and that Gulf acted as the latter's employment agent for that purpose; that on occasions and upon request Gulf would perform other duties in this jurisdiction as agent for the Mene Grande Oil Company, C. A.

It is the contention of the movant that the Gulf Oil Corporation was not its general agent but had authority to act only in limited matters upon specific request, and that it had no authority to accept service of process for the subsidiary.

The questions involved seem to be two in number.

Even if the Gulf Oil Corporation could be proved to stand in such a position to the moving respondent that service could validly be made upon the former for the latter, was Greene possessed of such authority (expressly or by implication) that service upon him as a Gulf employee constituted service upon the Mene Grande Oil Company, C. A.?

It is my opinion that he was not. He does not appear to be "an officer, a managing agent or general agent" of either respondent, and although he was an agent authorized by appointment to receive service for Gulf Oil Corporation, it is not shown that he was so appointed for the Mene Grande Oil Company, C. A. In fact, the contrary appears.

Since Greene had only limited authority to act, the libelant was powerless to enlarge the agency. On that ground alone, the present motion should be granted. See Goetz v. Interlake S. S. Co., D.C., 47 F.2d 753.

However, it may be contended that authority to accept service for Gulf embraces authority to accept service for Gulf as agent for its subsidiary. Since, in any event, a failure to decide that question un-

doubtedly will result in a subsequent posing of the problem by a later service upon one of Gulf's officers or its managing or general agent, the question which would then arise must briefly be considered.

And that is, does valid service upon a parent corporation constitute valid service upon a wholly owned foreign subsidiary corporation, when the subsidiary is not "doing business" in this state, has none of the identifying earmarks generally relied upon in an attempt to prove corporate presence, and where the parent corporation is not the general agent of the subsidiary?

The question has been before this court before on similar facts, and the service has been held defective. See Amtorg Trading Corporation v. Standard Oil Co., D.C., 47 F.Supp. 466, and the cases there cited. I am in complete accord with the opinion in that case, and feel it is decisive of the various arguments made by the libelant in this action. It is therefore my view upon the facts before the court it will avail the libelant nothing to attempt service upon the movant by serving the Gulf Oil Corporation in this state.

For the foregoing reasons, the motion is granted.

Settle order on notice.