**STETSON CHINA CO. v. D. C. ANDREWS & CO. OF ILLINOIS,. Inc. et al.**

No. 48 C 47.

United States District Court
N. D. Illinois, E. D.

Dec. 20, 1948.

Kaufmann & Johnstone, Chicago, Ill., for plaintiff.

Lord, Bissell & Kadyk, Chicago, Ill., for defendants.

BARNES, Chief Judge.

This cause is before the court on two motions: (1) The motion of D. C. An-

drews of Maryland, Inc., appearing specially, to quash the purported service of summons upon it; and (2) the motion of James A. Lansing, as a friend of the court, to quash the service of process purportedly made upon the defendant Jack Firenstein Y Cia, S.R.L.

The return of service as to D. C. Andrews & Company of Maryland, Inc., reads as follows: "Served this writ together with copy of complaint on the within named D. C. Andrews & Company of Maryland, Inc., a Delaware corporation by delivering copies thereof to J. A. Lansing Office Manager of D. C. Andrews of Illinois said to be agents of D. C. Andrews & Company of Maryland, this 13th day of February, A.D. 1948. The President of said corporation not found in my district."

In support of the motion to quash the service upon D. C. Andrews & Company of Maryland, Inc., it is represented; (1) That it is not doing business in the State of Illinois; (2) that D. C. Andrews of Illinois, upon whom service was purportedly made, is unknown to and is not an agent or servant of D. C. Andrews & Company of Maryland; and (3) that J. A. Lansing, upon whom service was purportedly made as an alleged agent of D. C. Andrews of Illinois, is not an agent or servant of D. C. Andrews & Company of Maryland, Inc. Attached to the motion is the affidavit of James A. Lansing, wherein he avers: That he is and at the times thereinafter mentioned was office manager of D. C. Andrews & Co. of Illinois, Inc., a corporation having its principal office in Chicago, Illinois; that he is not and was not an agent, servant or employee of any other firm, person or corporation; that on February 13, 1948, a deputy marshal of this court attempted to serve affiant with a summons in this cause as agent of the defendant D. C. Andrews & Company of Maryland, Inc. and as agent of Jack Firenstein Y Cia, S. R. L., or as agent of an agent of said defendants; that affiant informed said deputy marshal that he was neither an agent of such defendants, nor an agent of any agent of said defendants; that affiant refused to accept any summons as any such alleged agent or otherwise; that the deputy marshal nevertheless served such summons upon affiant and made a return thereon that said defendant Andrews of Maryland was served on that date by such deputy marshal delivering a copy of such summons together with a copy of the complaint "to J. A. Lansing office manager of D. C. Andrews of Illinois said to be agents of D. C. Andrews & Company of Maryland * * *" and the deputy marshal made a further return that the defendant Firenstein was served on such date by such deputy marshal delivering such summons, together with a copy of the complaint herein "to J. A. Lansing office manager of D. C. Andrews of Illinois, Inc., said to be agents of Firenstein."; that affiant knows of no person, firm or corporation by the name of "D. C. Andrews of Illinois" or "D. C. Andrews of Illinois, Inc.;" that affiant has tendered such copies of summons and complaint to his employer, D. C. Andrews & Co. of Illinois, Inc., but his employer has refused to accept the same on the ground that it is not an agent of Andrews of Maryland or Firenstein, and on the further ground that it is not "D. C. Andrews of Illinois" nor "D. C. Andrews of Illinois, Inc.," upon whose supposed agent the marshal, by his return, has claimed to have made service; that affiant is acquainted with D. C. Andrews & Company of Maryland, Inc.; a corporation organized under the laws of Maryland and having its principal office in New Orleans, Louisiana; that according to affiant's knowledge, information and belief said corporation is not doing business in Illinois; that said corporation and affiant's employer (D. C. Andrews & Co. of Illinois, Inc.) are both engaged in the business of freight forwarding; that they are both independent contractors in such business; that, in their respective capacities as independent freight forwarders, they often forward freight to, and receive freight from, each other and perform services in connection with freight so received; that such freight, so received by one from the other, is handled by the receiver as an independent freight forwarder; that in each such case the one receiving freight from the other sends a regular bill to the other for services rendered in connection with such freight, and for charges

advanced in connection therewith, and such bill is paid by the one who forwarded such freight to the other; that in no case does the one forwarding the freight to the other exercise, or have the right to exercise, any control over the manner in which the other performs any of the work or services in connection with the receipt and handling, reforwarding or delivering of such freight; and that, in particular, Andrews of Maryland has never exercised, nor had the right to exercise, any control over the manner in which D. C. Andrews & Co., Inc., of Illinois, its agents or servants, has performed any work or service of any kind. It is further averred in said affidavit of James A. Lansing that neither he nor his employer is, or ever has been, an agent of the defendant Firenstein; that, so far as affiant recollects, the only times either he or his employer ever directly or indirectly did anything in which Firenstein was interested was on two occasions when a shipper, other than Firenstein, engaged affiant's employer, as an independent freight forwarder, to forward a shipment of freight from Chicago to defendant Firenstein in Buenos Aires, Argentina; that upon both of said occasions affiant believes Firenstein, in pursuance to a solicitation of him to do so, recommended or requested that the Chicago shipper engage the services of affiant's employer in forwarding a shipment of merchandise purchased from such shipper by Firenstein; that such recommendations and requests are commonly made by purchasers and are never considered in the transportation business as making the particular transportation agency the agent of the purchaser; that on each of the occasions in question the services performed in connection with the freight forwarding were for and at the request of the shipper, and not Firenstein, and that on neither of such occasions did either the shipper or Firenstein exercise or have the right to exercise any control over the manner in which D. C. Andrews & Co. of Illinois, Inc., its agents or servants, performed such services; and that on neither of such occasions, nor any other occasion, did D. C. Andrews & Co. of Illinois, Inc., demand, receive, or expect to receive any compensation from Firenstein, but on each occasion looked to the respective shipper for its charges.

The return of service as to Jack Firenstein Y Cia S. R. L., reads as follows: "Served this writ together with copy of complaint on the within named Jack Firenstein Y Cia S. R. L. a corporation or a limited partnership organized under the laws of the Republic of Argentine, by delivering copies thereof to J. A. Lansing, Office Manager of D. C. Andrews of Illinois, Inc., said to be agents of Jack Firenstein Y Cia S. R. L. a corporation or a limited partnership organized under the laws of the Republic of Argentine, this 13th day of February A. D. 1948."

In support of the motion to quash the service purportedly made upon Firenstein, James A. Lansing, as a friend of the court, represents: That he is not now and never has been an agent or servant of "D. C. Andrews of Illinois, Inc." or of Jack Firenstein Y Cia., S. R. L., and, further, that he is still in possession of the copies of the summons and complaint and said Firenstein has not been notified of such purported service. Attached to the motion is the affidavit of James A. Lansing, wherein he avers, among other things: That he incorporates into and makes a part of the affidavit the affidavit he has theretofore made and attached to a motion filed by D. C. Andrews & Company of Maryland, Inc.; that neither affiant nor his employer, D. C. Andrews & Co. of Illinois, Inc., has informed defendant Firenstein of the fact that the cause is pending or that such defendant is a party thereto, or that purported service has been made upon such defendant, and to the best of affiant's knowledge, information and belief Firenstein has no such information.

Plaintiff, Stetson China Company, in opposition to the motion to quash service as to the defendant D. C. Andrews & Co. of Maryland, Inc., says that the adverse examinations which it made of members of the Chicago staff of D. C. Andrews & Co. of Illinois, Inc., establish that the D. C. Andrews corporations operated their freight forwarding business as a unit from New York, with branch offices in the principal ports and cities in the United States

and foreign countries, that each of its offices is the agent and representative of each of the others, and, with respect to the transaction in question, the Chicago office was the representative of the New Orleans Office. Plaintiff calls attention to a communication from the D. C. Andrews & Company of Maryland, Inc., to D. C. Andrews & Co. of Illinois, Inc. (Plaintiff's Exhibit 3-Z) with the following heading:

"Inter-Office Communication

"To D. C. Andrews & Co.

"Mr. L. Heinmiller—Chicago Office

"From D. C. Andrews & Co.

"C. A. Bergenthal—New Orleans Office."

While the depositions and exhibits do not make entirely clear the relationship existing between the various D. C. Andrews corporations it will be assumed, for the purposes of this motion, that there was, as plaintiff contends, an affiliation between the New York company, the Illinois company, and the Maryland company, as concerned management and operation, and, perhaps, as to stock ownership. It definitely appears from the depositions that the president and treasurer of the New York corporation were also the president and treasurer of the Illinois corporation.

It is the general rule of law that a foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the State in such manner and to such extent as to warrant the inference that it is present there, and, even if it is doing business within the State, the process will be valid only if served upon some authorized agent Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 364, 37 S.Ct. 280, 61 L.Ed. 710.

Section 1391(c), Title 28 U.S.C.A., reads: "(c) A corporation may be sued in any judicial district in which it is *incorporated* or *licensed to do business* or *is doing business*, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Since it does not appear that D. C. Andrews & Company of Maryland, Inc., is incorporated or licensed to do business in Illinois, it follows that, in order to bring the Maryland corporation within the provisions of Sec. 1391(c) of Title 28 U.S.C.A., supra, and within the general rule announced in the McKibbin case, it must have been "doing business" within this district at the time the action was commenced.

Plaintiff contends that D. C. Andrews & Company of Maryland, Inc., was present and doing business in Illinois through its affiliate D. C. Andrews & Co. of Illinois, Inc., and that service upon the latter, by reason of such affiliation, is sufficient to obtain jurisdiction over the former.

In considering the general requirements for "doing business" in 4 Cyc. Federal Procedure, p. 201, the author states: (Italics supplied.) " 'In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served, and in which it is bound to appear when a proper agent has been served with process.' The corporation itself must be present and active * * * *not by a legal fiction, but in fact. The presence of corporate affiliates and subsidiaries is not the presence of the principal corporation; a foreign corporation is not present in the jurisdictional sense by virtue solely of the presence of a subsidiary.*"

In Bank of America v. Whitney Cent. Nat. Bk., 261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594, it was held that a national bank was not suable in a state where it had no place of business, resident officers of employees or business attended to by its officers or employees, but where deposits were kept and business transacted on its behalf by local banks as its correspondents, the court saying 261 U.S. at page 173, 43 S.Ct. at page 312, 67 L.Ed. 594: "The jurisdiction taken of foreign corporations, in the absence of statutory requirement or express consent, does not rest upon a fiction of constructive presence, like 'qui facit per alium facit per se.' It flows from the fact that the corporation itself does business in the state or district in such a manner and to such an extent that its actual presence there is established. That

the defendant was not in New York, and hence was not found within the district, is clear."

In Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333, at page 336, 45 S.Ct. 250, 251, 69 L.Ed. 634, the court said: "The question is simply whether the corporate separation carefully maintained must be ignored in determining the existence of jurisdiction. The defendant wanted to have business transactions with persons resident in North Carolina, but for reasons satisfactory to itself did not choose to enter the state in its corporate capacity. It might have conducted such business through an independent agency without subjecting itself to the jurisdiction. * * * It preferred to employ a subsidiary corporation. Congress has not provided that a corporation of one state shall be amenable to suit in the federal court for another state in which the plaintiff resides, whenever it employs a subsidiary corporation as the instrumentality for doing business therein. * * * That such use of a subsidiary does not necessarily subject the parent corporation to the jurisdiction was settled by Conley v. Mathieson Alkali Works, 190 U.S. 406, 409-411, 23 S.Ct. 728, 47 L.Ed. 1113; Peterson v. Chicago, Rock Island & Pacific Ry. Co., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841; and People's Tobacco Co., Ltd., v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537."

In Consolidated Textile Corp. v. Gregory, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047, it was held that selling goods in a state through a controlled subsidiary does not subject a foreign corporation to a general liability to be sued there. In the McKibbin case, referred to above, the court said 243 U.S. at page 268, 37 S.Ct. at page 282, 61 L.Ed. 710: "Nor would the fact, if established by competent evidence, that 'subsidiary companies' did business within the state, warrant a finding that the defendant did business there."

In the recent case of United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 862, 92 L.Ed. 1091, it was held that the venue provision of Section 12 of the Clayton Act, 15 U.S.C.A. § 22, permitting suit in any district wherein a corporation "transacts business," is met by the carrying on of business "of any substantial character," and that practical, nontechnical business or commercial standards are to be applied in determining whether the requirement is satisfied. An in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, it was held that "mere solicitation", when it is regular, continuous and persistent, rather than merely casual, constitutes "doing business,"—"contrary to formerly prevailing notions." Nippert v. Richmond, 327 U.S. 416, 422, 66 S.Ct. 586, 589, 90 L.Ed. 760, 162 A.L.R. 844.

The court is unable to see that the rules announced in either the Scophony case or the International Shoe case are applicable to the facts presented in the case at bar. The Maryland corporation maintained no office, kept no employees, and solicited no business in this State. As above stated, plaintiff's contention is that the Maryland corporation is present and doing business in this district by reason of its affiliation with the Illinois corporation with a similar name.

The court is not permitted to take jurisdiction of the Maryland corporation "upon a fiction of constructive presence" Bank of America v. Whitney Cent. Nat. Bank, 261 U.S. 171, 43 S.Ct. at page 312, 67 L.Ed. 594, supra, or to ignore the "corporate separation, carefully maintained" of the Illinois corporation and the Maryland corporation Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634, supra. The court concludes that the Maryland corporation was not "doing business" in this district at the time the action was instituted and process therefor delivered to the office manager of the Illinois corporation.

Nor does it appear that there was a valid service of process upon the Maryland corporation. Service was purportedly made upon Mr. Lansing as "Office Manager of D. C. Andrews of Illinois, said to be agents of D. C. Andrews & Company of Maryland." Rule 4(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "Service shall be made as fol-

lows: * * * (3) Upon a domestic or foreign corporation * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *."

It is clear that Lansing, office manager of the Illinois corporation was not "an officer, a managing or general agent, or * * * any other agent authorized by appointment" to receive service of process for the Maryland corporation. Plaintiff's theory seems to be that the Illinois corporation and the Maryland corporation, by reason of their "affiliation", should have been treated as one for the purpose of service of process, and, accordingly, authority in Lansing to accept service for the Illinois corporation embraces authority in him to accept service for the Maryland corporation,—with the result that Lansing became an agent authorized "by law" to receive service of process within the meaning of Rule 4(d) (3), supra.

In 4 Cyc. Fed. Procedure, p. 192, it is stated (italics supplied): "Another corporation, *which is actually agent of the defendant corporation,* may be served, if conformable to the law and *representative of defendant.* (Citing Alley v. Bessemer Gas Engine Co., 5 Cir., 262 F. 94; Dobson v. Farbenfabriken etc., D. C., 206 F. 125). Thus, a nonresident corporation which enters into an arrangement with another corporation to operate in its name and under its formulae may be served through the corporation actually doing business in the state. (Citing Darling Stores Corp. v. Young Realty Co., 8 Cir., 121 F.2d 112). Under a decision which regarded the corporate agent as a mere dummy or creature, it was done by serving the manager of the place of business maintained within the state; but defendant was an alien corporation, and the complicating element of the privilege of venue was not present (Citing Dobson v. Farbenfabriken etc., D. C., 206 F. 125)."

The author calls attention to the case of Creager v. P. F. Collier & Son Co., D. C., 36 F.2d 783, to the effect that "A foreign corporation cannot be served upon the agent of its affiliated but independent foreign corporation, a selling and distributing corporation, if the former is not present and doing business in the district of suit and if the person served is not its representative for that purpose nor the affiliated corporation its representative." Also, Matrozos v. Gulf Oil Corp., D. C., 54 F.Supp. 714, 715, where it was held that service of process upon a parent corporation did not constitute valid service upon a wholly owned foreign subsidiary corporation which was not doing business in the state, had none of the identifying earmarks generally relied upon in an attempt to prove corporate presence, and the parent corporation was not general agent of the subsidiary.

The facts of this case do not warrant a finding that the Illinois corporation was the agent or representative of the Maryland corporation in this district. It follows that Lansing was not an "agent authorized * * * by law to receive service of process" for the Maryland corporation.

It appearing that the defendant, D. C. Andrews & Company of Maryland, Inc., is not doing business or present in this District and that process was not served upon an authorized agent of the corporation, the motion to quash the purported service of summons upon it will be granted, and an order to that effect has this day been entered.

■■ As to the motion to quash service on the defendant Firenstein, purporting to have been made by serving Lansing "Office Manager of D. C. Andrews of Illinois, Inc., said to be agents of Jack Firenstein Y Cia S. R. L., a corporation or a limited partnership organized under the laws of the Republic of Argentine," the plaintiff does not appear to have overcome the statements made in the affidavit of Lansing to the effect that neither he nor his employer, the D. C. Andrews & Co. of Illinois, Inc., is or ever has been an agent or servant of Firenstein. Nor does it appear that Firenstein was present and doing business in this district at any time. Plaintiff chal-

lenges the right of Lansing to file the motion in behalf of Firenstein. In 50 Corpus Juris, p. 585, the author states: "So a person served as defendant's agent, even though he is not an officer of the court, may move to set aside the service if he is not an agent (Citing Taylor v. Taylor, 6 Ont.L. 545; Doremus v. Kennedy, 2 Grant Ch. (Ont.) 657."

It appearing that the defendant Firenstein was not shown to have been present and doing business in this district, and it further appearing that process was not served upon an authorized agent of said defendant, the motion to quash the purported service as to the defendant Firenstein will be granted, and an order to that effect has this day been made.