Roger J. HOWELL

v.

KENNECOTT COPPER CORPORATION.

Civ. A. No. 22106.

United States District Court
E. D. Pennsylvania.

Dec. 12, 1957.

R. Stuart Jenkins, Media, Pa., for plaintiff.

Henry W. Sawyer III, and Francis Hopkinson, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

Plaintiff, a resident of Scranton, in the Middle District of Pennsylvania, instituted this suit claiming damages for alleged breach by defendant of a contract of employment requiring his services in Nevada. Although defendant does no business in this District and, hence, the alleged contract was presumably made in New York, Nevada, or Scranton, service was attempted to be made by leaving a

copy of the writ of summons and a copy of the complaint with George Tate, Office Manager of Chase Brass & Copper Company's Philadelphia office in this District. Chase Brass & Copper Company has filed a Motion to Quash the Return on Service of Summons,[1] to which there is attached an affidavit stating that no person employed by Chase is a servant, employee or agent of the defendant.[2]

At the argument on the Motion to Quash, it appeared that plaintiff was relying on alleged facts which were not in the record to bring this case within the decision of this court in Alexander Young Distilling Co. v. National Distillers Products Corp., D.C.E.D.Pa.1940, 33 F.Supp. 334, and plaintiff was granted an opportunity to place in the record the facts alleged by him.[3] Affidavits and interrogatories were filed by plaintiff to supplement the record, and the answers to these interrogatories were filed on October 9, 1957.

The record, as supplemented, includes these facts:

1. Chase Brass & Copper Company (hereinafter called "Chase") is a wholly-owned subsidiary of Kennecott Copper Corporation (hereinafter called "Kennecott")[4] and its does business in the Eastern District of Pennsylvania.

2. Charles R. Cox is President and a director of Kennecott and also a director of Chase. This is the only instance of an interlocking directorate between Kennecott and Chase.[5]

3. Kennecott has, in the past, made monetary advances to Chase and the financial picture of Chase is reflected in the consolidated financial statement of Kennecott.

4. Kennecott does not sell metal products, but, rather, mines ore which is sold as fungible material to those who manufacture various metal products.

5. Chase purchased from Kennecott in 1956 approximately 50% of the basic metal which it fabricated into various products.

6. Sales for Kennecott are made through Kennecott Sales Corporation. No such sales are made in the Eastern District of Pennsylvania. Contacts with this District are made by telephone from New York.[6]

1. A person served as agent has standing to move to set aside service if he is not an agent. Stetson China Co. v. D. C. Andrews & Co., D.C.N.D.Ill.1948, 9 F.R.D. 135, 141.

2. F.R.Civ.P. 4(d) (3), 28 U.S.C. requires that service be made upon a corporation by delivering a copy of the summons and complaint to an agent of the corporation.

3. By letter of May 14, 1957, the hearing judge informed counsel for plaintiff of the reasons why he felt the Alexander Young Distilling Co. case, supra, was inapplicable to this factual situation, even if the facts alleged were established at the argument.

   In addition to the reasons given in the letter of May 14, 1957, a copy of which is attached to this opinion, the factual situation presented by this case differs from that before the court in the Alexander Young Distilling Co. case, supra, since, in the latter case, the wrong alleged in the complaint (trademark infringement) was being done in this District, whereas none of the acts complained of in this suit has any connectio whatsoever with this District. The work plaintiff is alleged to have been employed to perform was not to be done here. It would seem that this is a relevant policy consideration in a case of this type.

4. It has been consistently recognized by the Supreme Court of the United States that this fact, in itself, does not make service on the subsidiary effective service on the parent. Consolidated Textile Corp. v. Gregory, 1933, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047; Cannon Mfg. Co. v. Cudahy Packing Co., 1925, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634.

5. Chase lists 12 officers and 8 directors. Kennecott has 8 officers and 15 directors.

6. The hearing judge feels that the information in the record concerning Kennecott Wire & Cable and the advertising by Kennecott Copper Corporation have no direct bearing on the precise question in issue.

Upon considering the record, including the foregoing facts, and arguments of counsel, the decision in the Alexander Young Distilling Co. case, supra, is inapplicable and the motion of Chase Brass & Copper Company to quash the return on service of summons must be granted. This action is similar to that before the court in Stetson China Co. v. D. C. Andrews & Co., D.C.N.D.Ill.1948, 9 F.R.D. 135.[7] In that case, suit was commenced against D. C. Andrews & Co. of Maryland and Jack Firenstein y Cia, S. R. L., by making service on the office manager of D. C. Andrews & Co. of Illinois. The Maryland company appeared specially to quash the service as to it and James A. Lansing (the person served) moved to quash as to Jack Firenstein y Cia, S. R. L. Plaintiff's service on the Illinois company and Firenstein was on the theory of agency, based on the affiliation between the parties. After looking extensively into the facts,[8] the court, in a well-documented opinion, granted the motion to quash.

The information gleaned from the interrogatories in the instant case fails to show that the Chase Brass & Copper Company is an "agent" within the use of that term in F.R.Civ.P. 4(d) (3). See 2 Moore's Federal Practice, § 4.25, p. 982.

### Order.

And now, December 12, 1957, it is ordered that the motion of Chase Brass & Copper Company to quash the return on service of summons is granted, and the return of service is quashed.

7. See, also, National Carbide Corp. v. Commissioner, 1949, 336 U.S. 422, 438, note 21, 69 S.Ct. 726, 93 L.Ed. 779; Steinway v. Majestic Amusement Co., 10 Cir., 1950, 179 F.2d 681, 18 A.L.R. 2d 179.

8. Plaintiff alleged that Andrews operated a freight-forwarding business through these corporations as a unit from New York, with branch offices in the principal parts and cities of the United States,

that each office represented the other in transactions, and that correspondence between the various offices was sent in the form of an inter-office memo. The court found as a fact that there were interlocking officers in at least two instances between the New York and Illinois companies. As to Firenstein, plaintiff was only able to show that the Illinois Company had acted as a freight forwarder on a few occasions.