John W. FITZGERALD and Helen Fitzgerald, his wife

v.

HILTON HOTELS CORPORATION and Hilton Hotels International, Inc., and Hilton Hotels International de Mexico, S.A.

Civ. A. No. 25945.

United States District Court E. D. Pennsylvania.

April 13, 1960.

Samuel H. High, Jr., High, Swartz, Childs & Roberts, Norristown, Pa., for plaintiff.

D. Charles Merriwether, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Plaintiffs, residents of the Eastern District of Pennsylvania, have brought this action upon a claim that the wife plaintiff was injured while at the Continental Hilton Hotel in Mexico City, Mexico, as a result of negligence on the part of the hotel. Two of the three defendants challenge the attempted service which has been made upon them.

Defendant Hilton Hotels Corporation (Hilton) is a Delaware corporation registered to do business in Pennsylvania. It has designated United States Corporation Company as its agent for acceptance of service. Service on defendant Hilton through this agent has not been challenged. The other two defendants, Hilton Hotels International, Inc. (International) and Hilton Hotels International de Mexico, S.A. (de Mexico) have filed motions to quash the return of service as to them and to dismiss the action against them.

Defendant International is a Delaware corporation not registered to do business in Pennsylvania. Defendant de Mexico is a Mexican corporation not registered to do business in Pennsylvania. Plaintiffs have filed an affidavit in which it is averred that International is a wholly-owned subsidiary of defendant Hilton and that defendant de Mexico is a wholly-owned subsidiary of International.

Plaintiffs have attempted to make service on defendant International and defendant de Mexico in two ways. The first of these was an attempt to serve them, as wholly-owned subsidiaries, by serving the agent of the parent corporation, Hilton. Plaintiffs' theory and contention is that the relationship of parent and wholly-owned subsidiary, without more, means that service upon the parent constitutes valid service upon the subsidiary.

Except for plaintiffs' affidavit that International is a wholly-owned subsidiary of Hilton and that de Mexico is a wholly-owned subsidiary of International, the record is barren of evidence to establish any more intimate relationship among the three corporations as, for example, common offices or directors, or actual control of operations. Plaintiffs' affidavit on this point is almost meaningless, as becomes apparent from Mr. Fitzgerald's deposition:

"Q. Do you know if the Hilton Hotels Corporation owns the Hotel Continental? A. No, I do not.

"Q. Do you know whether that corporation operates the Hotel Continental? A. No.

"Q. Do you know anything about the relationship between the three defendants? A. No, sir."

There are in the record affidavits that United States Corporation Company was not the agent of International or de Mexico for acceptance of service.

It does not follow from the relationship of parent and wholly-owned subsidiary standing alone, that service upon the subsidiary constitutes valid service upon the parent. Cannon Mfg. Co. v. Cudahy Packing Co., 1925, 267 U. S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Consolidated Textile Corp. v. Gregory, 1933, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047; Harris v. Deere & Co., 4 Cir., 1955, 223 F.2d 161; Howell v. Kennecott Copper Corp., D.C.E.D.Pa.1957, 21 F.R.D. 222, Van Dusen, J., affirmed 3 Cir., 1958, 258 F.2d 946. And also a parent-subsidiary relationship alone is not sufficient to make valid service of process on a subsidiary by serving the parent. Matrozos v. Gulf Oil Corp., D.C.S.D.N.Y.1943, 54 F.Supp. 714.

Every corporation has the status of a separate legal person, and it is basic law that service upon person A does not constitute service upon person B unless A is agent for B or unless for reasons of fairness or for practical considerations, the separateness of A and B ought to be disregarded and A and B, for

the purpose of service of process, should be considered one person.

■ To support their contention that service on the parent corporation constitutes valid service on the subsidiaries, plaintiffs cite Rumig v. Ripley Mfg. Corp., 1951, 366 Pa. 343, 77 A.2d 360, in which the court held that a New York corporation was validly served by the service of process on a Pennsylvania corporation. The facts of the Rumig case are vastly different, however, from those here. In the Rumig case the stock of both corporations was held by the same four individuals; the New York corporation guaranteed the performance by the Pennsylvania corporation of its lease; the New York corporation and its stockholders advanced funds to the Pennsylvania corporation; the Pennsylvania corporation had its main office in the office of the New York corporation; the Pennsylvania corporation obtained all its merchandise from the New York corporation and sold the merchandise at prices fixed by the New York corporation; the Pennsylvania corporation used the advertising slogan of the New York corporation; and the New York corporation permitted it to retain only a limited portion of its funds. From these facts it was obvious that the Pennsylvania corporation was so dominated as to be indistinguishable from the New York corporation, and service on the former constituted valid service on the latter.

The mass of fact and detail in the Rumig case points up clearly the paucity of facts adduced in the case at bar and demonstrates the inapplicability of the Rumig case here and the type of evidence which is lacking in the present case.

The second way in which plaintiffs attempted to serve International and de Mexico was by serving the Secretary of the Commonwealth of Pennsylvania on the theory and contention that International and de Mexico have done and are doing business in Pennsylvania and thereby have appointed the Secretary of the Commonwealth their agent for the acceptance of service of process under Section 1011, subd. B of the Pennsylvania Business Corporation Law, 15 P.S. § 2852-1011, subd. B:

"Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising out of acts or omissions of such corporation within this Commonwealth."

■ Plaintiffs contend that defendants International and de Mexico have done and are doing business in Pennsylvania and that, therefore, this section applies to the present case. Plaintiffs are in error in their contention that International and de Mexico have done or are doing business in Pennsylvania. MacInnes v. Fontainebleau Hotel Corp., 2 Cir., 1958, 257 F.2d 832. Also there is no evidence in the case to establish that the wife plaintiff's injuries arose out of acts or omissions which occurred in Pennsylvania.[1] Section 1011, subd. B of the Pennsylvania Business Corporation Law does not apply to the present case.

The motion of defendant International to quash the return of service and to dismiss the action against it will be granted. The motion of defendant de Mexico to quash the return of service and to dismiss the action against it will be granted.

---

1. The wife plaintiff's injuries, according to the averment in the complaint, were caused when she drank, in the Continental Hilton Hotel, what she thought was and what appeared to be water, but which turned out to be carbon tetrachloride.