**Ann SEGALL and Samuel Segall**

v.

**FOOD FAIR STORES, INC.**

**Civ. A. No. 25610.**

United States District Court
E. D. Pennsylvania.

June 16, 1960.

Alvin Diamond, Philadelphia, Pa., for plaintiffs.

Albert C. Gekoski, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

Although this Motion to dismiss the action alleges lack of jurisdiction as its basis, the record shows jurisdiction over the named defendant so that the Motion will be treated as one alleging failure to state a claim upon which relief can be granted. Cf. F.R.Civ.P. 12(b) (6), 28 U.S.C.A. In view of the affidavits and depositions filed by both parties to supplement the pending Motion, it will be considered as a Motion for Summary Judgment under F.R.Civ.P. 56. See F. R.Civ.P. 12(b).

The affidavits and depositions make clear that the Atlantic City, New Jersey, store mentioned in the Complaint was owned or leased and operated by Food Fair Stores Atlantic, Inc., a New Jersey corporation, on the date of the alleged accident at the store in January 1958 (see pp. 11, 17, 5–6, and 19–20 of Forman Deposition, being Document No. 10, and pp. 4 & 6 of Burgess Deposition, being Document No. 11, as well as affidavit of April 28, 1960, being Document No. 14). However, the Complaint does not make clear the grounds upon which the defendant parent corporation is claimed to be liable for the acts of Food Fair Atlantic, Inc., and its employees and agents. Although the rules only require a notice —pleading of the plaintiffs' claim, F.R. Civ.P. 8(a) (2) specifically requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The defendant is entitled to notice of the alleged grounds upon which plaintiffs claim it is liable for the alleged tort of its subsidiary.

The fact that a corporation chooses to do its business in different states through separate corporate subsidiaries organized under the laws of those states does not make, automatically, the parent corporation liable for the torts of such subsidiaries in the states where these subsidiaries do business. As stated by Judge Grim in Fitzgerald v. Hilton Hotels Corporation et al., D.C. E.D.Pa.1960, 183 F.Supp. 342, 343. "Every corporation has the status of a separate legal person * * *." The

mistaken listing of the parent as the licensee on the Atlantic City License posted in the store (see affidavit of April 11, 1960, being Document No. 12) would not make the defendant liable for this New Jersey corporation's torts, since the record shows that, although defendant once operated this store, this New Jersey corporation has owned and operated it since May 1956 (see Affidavit of April 28, 1960, being Document No. 14).

Under these circumstances, plaintiffs will be granted thirty days within which to file a motion for leave to file an Amended Complaint, with a copy of such proposed Complaint, in compliance with F.R.Civ.P. 8, attached. If such motion is not filed within thirty days, defendant may submit an order dismissing the action against this defendant, with prejudice.[1]

---

1. The briefs of counsel have been filed with the Clerk (see Documents Nos. 7, 15 and 16).