Nicodemus **HENDRICKS**

v.

**ALCOA STEAMSHIP CO., Inc., and John W. McGrath Corp.**

Civ. A. No. 30135.

United States District Court
E. D. Pennsylvania.

Jan. 24, 1962.

Louis R. Harolds, New York City, and Joseph M. Leib, Philadelphia, Pa., for plaintiff.

T. E. Byrne, Jr., Philadelphia, Pa., for defendant Alcoa.

Francis E. Marshall, Philadelphia, Pa., for defendant McGrath.

VAN DUSEN, District Judge.

In this personal injury action for serious injuries alleged to have been suffered by plaintiff (a stevedore) while unloading cargo from an Alcoa ship in the Virgin Islands, plaintiff apparently contends that John W. McGrath Corp., a stevedoring concern, was at fault in the activities carried on by its personnel in stowing the cargo in the above-mentioned ship in Baltimore and/or New York prior to its arrival in the Virgin Islands. The case is now before the court on the Motion of John W. McGrath Corp. to Quash Service and Dismiss the Complaint (Document No. 5).

Plaintiff attempted service of a Summons and Complaint upon the defendant, John W. McGrath Corp. (hereinafter called "McGrath Corp.") of New York, by serving an Office Manager of a subsidiary company, Atlantic and Gulf Stevedores, Inc. (hereinafter called "Atlantic & Gulf"), a Pennsylvania corporation, at its office in Philadelphia. In the return of service, Atlantic & Gulf is alleged to be an agent for McGrath Corp. However, the record (see Exhibits C and D to Document No. 5, p. 21 of Document No. 14, and Document No. 15) establishes that McGrath Corp., with its principal place of business in New York City, is a New York corporation, not qualified to do business in Pennsylvania, not doing business in Pennsylvania, and without any office, place of business, property or authorized agent to accept service of process in Pennsylvania for McGrath Corp. The affidavit (Document No. 15) of John W. McGrath (President of both corporations) contains the following:

"* * * John W. McGrath Corp. * * * does not control the business or policies of the said Atlantic and Gulf Stevedores; that the said Atlantic and Gulf Stevedores has its own Officers and Directors; that the books and records of the two corporations are not intermingled; that the books of each said corporation are separately kept and maintained; that all transactions between the two corporations are represented by ap-

propriate entries in their respective books in the same way as if the two were wholly independent companies; that the Officers and agents of Atlantic and Gulf Stevedores exclusively control its independent management; that Atlantic and Gulf Stevedores has a separate corporate existence; its own officers and directors; its own property and is itself responsible for its contracts and to the persons with whom it deals; that the distinct and separate corporate existence of the two corporations is formally maintained and exercised, and in all respects observed; that John W. McGrath Corp. maintains and employs no solicitors or salesmen in Pennsylvania; * *."

Plaintiff has not placed any affidavit or other information, in accordance with the Rules, on the record to contradict the foregoing material submitted by affidavits and a deposition of persons having personal knowledge of these matters. As indicated by the comment to the order of January 23, 1962 (Document No. 31), the Van Schnapper affidavit (Document No. 16) may not be considered by the court.

Plaintiff has placed information on the record indicating[1] that McGrath Corp. and Atlantic & Gulf have the same President, Executive Vice President, Vice President, Vice President Operations,[2] and Secretary (see pp. 62 & 252 of P-2 and p. 4 of Document No. 14). Advertisements in trade publications published in New York have also been placed in the record, which include under the heading "STEVEDORING CONTRACTORS AND TERMINAL OPERATORS" the McGrath Corp. "New York and Albany" and Atlantic & Gulf Stevedores, Inc. "Boston — Philadelphia — Baltimore — Norfolk — New Orleans — Houston — Galveston — Corpus Christi — St. John, N. B. — Montreal — Chicago — Duluth" with the address 39 Broadway, New York, and one telephone number. (See plaintiff's Exhibits A–C attached to Document No. 14 and P-1 and P-2. It is noted that "SUPERIOR DERRICK CORPORATION, New Orleans" is also included in Exhibit B.) The deposition of the Secretary of these corporations (Document No. 14) states that both companies are listed in the New York City phone book at this address and phone number, and both names are on the door of Room 918 at this address. However, this same deposition states that, although a staff of solicitors for non-New York ports operates in New York City, "as far as I know, it doesn't work the reverse way" and that "I don't know how Philadelphia would advertise" (p. 7 of Document No. 14).

The deposition taken by plaintiff also shows:

A. Mr. Toner is manager of Atlantic & Gulf of Pennsylvania and "He's on his own as far as managership goes" (p. 19 of Document No. 14). He is in charge of hiring and firing the employees of Atlantic & Gulf (p. 16 of Document No. 14). He makes a monthly report of operations to the New York office (p. 10 of Document No. 14).

B. No one man supervises the activities of McGrath Corp. in the port of New

---

1. The record establishes that there are separate corporations having the name Atlantic & Gulf Stevedores, Inc. in Louisiana, Maryland, Pennsylvania, Texas and Virginia, so that it is not clear whether page 62 of P-2 refers to Atlantic & Gulf of Pennsylvania, but the undersigned has considered that this page correctly states the officers of such Pennsylvania corporation insofar as it names such officers. It appears significant that under the Philadelphia portion of P-2 (pp. 470–509, as indicated in the PORT INDEX on page 2), the only executive listed under Atlantic & Gulf Stevedores, Inc. is "Manager—William A. Toner" (p. 476 of P-2). See, also, pp. 9–10 of Document No. 14, where it is stated that Mr. Toner "is on his own as far as the managership goes."

2. McGrath Corp. has the same individual as "Vice President Manager of Operations" as Atlantic & Gulf has as "Vice President Operations." This difference in title appears to have some significance in view of the uncontradicted evidence that Mr. Toner, as Manager, is the effective operating executive of Atlantic & Gulf (p. 9 of Document No. 14).

York and of Atlantic & Gulf in the port of Philadelphia (p. 10 of Document No. 14). The President of these corporations does not go regularly or "too often" to Philadelphia and does not travel too much. The Secretary has never been to the office of Atlantic & Gulf in Philadelphia (pp. 15 & 16 of Document No. 14).

C. The Secretary had no knowledge that there were any advertisements inserted in any Philadelphia paper by Atlantic & Gulf (p. 21 of Document No. 14).

D. The Secretary did not think that any joint purchases were made by these corporations.[3]

Since Atlantic & Gulf was not acting in Philadelphia as agent for McGrath Corp. at the time service was made upon it, the service made on this basis must be quashed under the consistent decisions of this court. See Higgins v. California Tanker Co., 166 F.Supp. 569, 570 (E.D. Pa.1957); Rutter v. Louis Dreyfus Corporation, 181 F.Supp. 531, 533 (E.D.Pa. 1960); and cases cited in these cases.

Also, this court has consistently followed Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L. Ed. 634(1925), in situations similar to the record in this case and held that service on a subsidiary corporation is not effective service on the parent. See Howell v. Kennecott Copper Corp., 21 F.R.D. 222 (E.D.Pa.1957), aff'd. 258 F.2d 946 (3rd Cir. 1958); Fitzgerald v. Hilton Hotels Corp., 183 F.Supp. 342 (E.D.Pa.1960).

The Motion To Quash the Service and Dismiss the Complaint as to the John W. McGrath Corp. will be granted.[4]

---

3. The collective bargaining agreements for McGrath Corp. and for Atlantic & Gulf are negotiated by the same employers' representatives ("New York Shipping") with the representatives of the union in New York City (pp. 8–9 of Document No. 14). Much of the testimony in the deposition (Document No. 14) relied on by plaintiff consists of statements that the witness "guesses" or "thinks" or a contract "might be" signed, which cannot be accepted as a basis for decision (see, for example, pp. 10–11 of Docu-

ment No. 14). The record also includes other evidence but the undersigned does not consider it is particularly helpful in ruling on this Motion.

4. The wording of 28 U.S.C.A. §§ 1404 and 1406 does not authorize transfer of the action against one defendant to the Southern District of New York. See, also, Motion of Alcoa Steamship Co., Inc. for transfer to the United States District Court for the Virgin Islands (Document No. 27).