Earl **ALLOWAY**

v.

**WAIN–ROY CORPORATION,** David **Brown Tractors, Ltd., David Brown Tractors Services, Inc.**

Civ. A. No. 68–891.

United States District Court,
E. D. Pennsylvania.
April 20, 1971.

C. William Kraft, III, Philadelphia, Pa., for plaintiff.

James Paul Dornberger, Philadelphia, Pa., for Wain-Roy Corp.

Oliver C. Biddle, Philadelphia, Pa., for David Brown Tractors, Ltd.

Michael E. Quinlan, Philadelphia, Pa., for David Brown Tractor Service, Inc.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This matter is before the court on a motion to challenge the sufficiency of service on a corporation.

Federal Rule of Civil Procedure 4(d) (3) authorizes service upon a domestic or foreign corporation by having a copy of the summons and complaint delivered to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive process. In addition, Rule 4(d) (7) permits service to be made in the manner prescribed by the law of Pennsylvania since this court is held within Pennsylvania's geographical boundaries. Pennsylvania Rule of Civil Procedure 2180 authorizes service of process upon a corporation by having the sheriff hand a copy of the complaint to (1) an executive officer, partner or trustee of the corporation, or (2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation, or (3) to an agent authorized by appointment to receive service of process, or by delivering an attested or certified copy thereof in the manner provided by law to a statutory agent authorized to receive service.

In this case, David Brown Tractors, Ltd., contends that it was not properly served and that therefore the complaint against it should be quashed. The return of service filed of record indicates that a copy of the summons and complaint was delivered to "Mr. J. Stott, Manager of David Brown Tractors, Ltd." In support of the present motion to quash, Herbert C. Swarm, Secretary-Treasurer of David Brown Tractors, Ltd., filed an affidavit stating that Stott, who is no longer in the employ of the defendant, was parts manager of the defendant at the time of the purported service. The affidavit goes on to aver that Stott was not an officer, managing or general agent of the defendant, or an agent authorized by the defendant to receive service of process on its behalf. None of this information is denied in the plaintiff's answer to the defendant's motion.

A person not in charge of a corporation's activities within a state may still qualify as a general or managing agent for the purposes of Rule 4(d) (3) if his position is one of sufficient responsibility so that it is reasonable to assume he will transmit notice of the commencement of the action to his organizational superiors: Remington Rand, Inc. v. Knapp-Monarch Company, 139 F.Supp. 613 (E.D.Pa.1956). However, the burden of showing the required agency is on the plaintiff: Smeltzer v. Deere and Company, 252 F.Supp. 552 (W.D.Pa.1966). Here, we have no way of knowing the precise nature of Stott's work, the nature of his authority, the

scope of his duties, or his position in the corporate organization. The mere fact that he is designated as a "manager" on the return does not indicate that he was clothed with the responsibility envisioned by the Federal or Pennsylvania rules as a proper person to receive service.

■ Although defendant quickly filed an answer in the instant case it does not follow that service was proper. Where the person served is not an agent on whom proper service could be made, the fact that he may have advised the proper corporate official of the complaint is irrelevant. On other occasions he might just discard the papers: Goetz v. Interlake S.S. Company, 47 F.2d 753, 757 (S.D.N.Y.1931).

Defendant also filed a motion to dismiss on the grounds that there is no diversity of citizenship. In view of the ruling on the motion to quash, there is no need to rule on the other motion.