**FREE STATE RECEIVABLES, LTD.**

v.

**CLAIMS PROCESSING CORP. OF NEW JERSEY.**

Civ. No. Y–76–1928.

United States District Court,
D. Maryland.

Aug. 4, 1977.

Jay S. Engerman, Baltimore, Md., for plaintiff.

Paul M. Vettori, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

The plaintiff, a Maryland corporation, has brought suit against the defendant, a New Jersey corporation, for damages resulting from the alleged breach of an agreement as it pertained to the defendant's securing a contract with a hospital in Philadelphia, Pennsylvania. Subject matter jurisdiction of this Court is properly invoked as diversity of citizenship exists between the parties. 28 U.S.C. § 1332.

The defendant has filed a motion to dismiss claiming insufficient service of process and lack of personal jurisdiction over the defendant. The plaintiff has opposed the motion and has included certain answers by the defendant to the plaintiff's interrogatories as well as affidavits of the United States Marshal and Harvey Kershman, the president of the plaintiff corporation in support of the opposition. The defendant has submitted affidavits of its president, Stuart Schloss, on the questions of sufficiency of service of process and personal jurisdiction.

### I. SERVICE OF PROCESS

The gist of the defendant's allegation regarding the insufficiency of service of process is that the United States Marshal for the District of New Jersey did not personally deliver the summons and complaint to Mr. Schloss, the president and only employee of the defendant empowered to accept service, but rather left the summons and complaint with a receptionist in the defendant's office. The defendant asserts that this manner of delivery does not comply with Rule 4 F.R.Civ.P. and that service should be quashed. The plaintiff replies that the affidavit of the United States Marshal indicates that he informed the receptionist (after he had asked to see Mr. Schloss) that he had legal papers for Schloss, that the receptionist retired to an inner office—for the second time—and returned to state that Mr. Schloss "was not available to come out and did not know when he would be available". After further inquiry of another employee, whose name appeared on the complaint (Mary Priestman), the United States Marshal presented the summons and complaint to Ms. Priestman and "advised her to give it to Mr. Schloss when he finished his conference". The Marshal left without being informed that the papers were in Schloss's hands. In the answers to plaintiff's interrogatories filed by the defendant and signed by Schloss, it is acknowledged that Schloss spoke twice with the receptionist, identified as a Ms. McNeil, and that he was aware that a United States Marshal wished

to see him and was there for the purpose of serving process upon him. The defendant denies that the United States Marshal directed Ms. Priestman to give the summons and complaint to Schloss after his conference was over but admits that Schloss obtained the summons and complaint from the reception area approximately two hours after the United States Marshal had arrived.

The plaintiff argues that this Court should not be concerned with the jurisdictional formalities of Rule 4(d)(3) F.R.Civ.P. but should instead rule that the defendant has actual notice of the pending suit and that this is sufficient as a matter of law. As an alternative, the plaintiff raises the provisions of Rule 4(d)(7) F.R.Civ.P. which permits service according to the Maryland Long-Arm Statutes governing service. However, a careful reading of the Maryland provisions reveals that the plaintiff failed to properly serve the defendant under those provisions as well. Personal service by a private individual with affidavit testifying to same has not been filed in this case. The proper officers or agents listed in the Maryland statute were not personally served and the plaintiff did not pursue the alternate route of service by registered mail, restricted delivery. Maryland Rules 106 and 107 Ann.Code of Maryland. Nonetheless, the plaintiff argues that this Court should disregard its ineptitudes and find that service has been effected. The only citation for this proposition is to *K. L. M. v. Curtiss-Wright Corp.*, 17 F.R.D. 49 (S.D.N.Y.1955), a case in which a United States Marshal gave a summons and complaint to a non-agent of a corporation and then waited until the employee returned after having personally given the papers to the proper corporate authority. The Court found that this sequence of events constituted "delivery" in fact, although it acknowledged that this skirted the borders of acceptable practice under the Federal Rules of Civil Procedure. In the instant case there was no transfer of the summons and complaint to Mr. Schloss during the time that the United States Marshal was present in the defendant's offices. De-

livery was not made in a manner sufficient under the Federal Rules to permit this Court to exercise jurisdiction over this case. The plaintiff's citation of *Heller and Co. v. Kocher*, 262 Md. 471, 278 A.2d 301 (1971), is inapposite. The Court of Appeals in that case, in the very portion quoted in plaintiff's memorandum, states that "unless the defect in service is jurisdictional" sufficiency of process for due process purposes may be substituted by actual notice. Sufficient service of process *is* a jurisdictional prerequisite to bringing a diversity case in federal court. The fact that the defendant filed a motion to dismiss in this case does not mean that service was proper. Where the person served is not an agent on whom proper service could be made, the fact that he may have advised the proper corporate official of the complaint is irrelevant. *Alloway v. Wain-Roy Corporation*, 52 F.R.D. 203 (E.D. Pa.1971); *Cohen v. Newsweek, Inc.*, 312 F.2d 76 (8th Cir. 1963). *See also, Aquascutum of London, Inc. v. S/S American Champion*, 300 F.Supp. 26 (S.D.N.Y.), *aff'd in part, rev'd in part*, 426 F.2d 205 (2d Cir. 1970).

The plaintiff, although aware of the motion to quash service, has not requested or attempted to perfect service since the original filing of the complaint. This Court is justified, therefore, in dismissing the complaint for lack of jurisdiction due to insufficiency of service of process. *Consolidated Coal Co. v. Disabled Miners of So. West Virginia*, 442 F.2d 1261 (4th Cir. 1971), *cert. denied*, 404 U.S. 911, 92 S.Ct. 228, 30 L.Ed.2d 184 (1971); *Aquascutum of London, Inc. v. S/S American Champion, supra.*

## II. PERSONAL JURISDICTION

Even were this Court to have resolved the question of sufficiency of service of process in plaintiff's favor, the defendant's motion to dismiss for lack of personal jurisdiction would have been granted. From review of the materials submitted by the parties, it is clear that the agreement in question was formed in the State of New Jersey, that the defendant does not have

sufficient contacts with the State of Maryland to justify a finding that it is "transacting business" here for purposes of the Maryland Long-Arm Statute, § 6–103(b)(1), Courts and Judicial Proceedings Article, Ann.Code of Maryland, and, perhaps most fundamental, that the "act" on which suit is brought (the alleged contractual breach involving the Philadelphia hospital) does not arise out of the transaction of any business in the State of Maryland, thus failing to meet the requirements of § 6–103(a) of the previously cited Long-Arm Statute. Since this action is being dismissed on the grounds of insufficient service of process, plaintiff may of course choose to properly effect service and bring suit in New Jersey or Pennsylvania where the jurisdictional barriers do not exist.

For the aforementioned reasons it is this 4th day of August, 1977 by the United States District Court for the District of Maryland, ORDERED:

That the motion of the defendant to dismiss for insufficient service of process be, and the same is, hereby GRANTED.