**HEMMERICH INDUSTRIES, INC.**

v.

**MOSS BROWN & CO., INC.**

Civ. A. No. 86–5020.

United States District Court,
E.D. Pennsylvania.

Jan. 28, 1987.

Socrates J. Georgeadis, Wyomissing, Pa., for plaintiff.

Dennis H. Eisman, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

HUYETT, District Judge.

The complaint in this action was filed on August 25, 1986. Service was attempted by certified mail addressed to Moss Brown & Co., Inc. at the defendant's place of business in Alexandria, Virginia. Service was not directed to any individual; the return receipt indicates that delivery was made to a Michael P. Stance on August 29, 1986.

On September 25, 1986, the defendant having failed to plead or otherwise defend the action, the clerk entered a default judgment in the amount of $30,480.56. On October 17, 1986 the defendant moved to quash service of plaintiff's complaint and to deny plaintiff's request for a default judgment.

Defendant's motion is based on the assumption that the plaintiff had requested, but not obtained, a default judgment. Thus, defendant's motion is denominated a motion to quash service and to deny the request for default judgment, ostensibly a motion under Fed.R.Civ.P. 12. However, in the interests of justice and to avoid unnecessary expense to the parties, I will deem defendant's motion to be a motion under Fed.R.Civ.P. 60(b).[1]

Rule 60(b) states, in pertinent part:

---

**1.** Fed.R.Civ.P. 55(c) provides that the court may, for good cause, set aside an entry of default "and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

In the alternative, if I were to treat the defendant's motion to be a Rule 12(b) motion, the motion is not untimely. *Zeigler v. United States,* 86 F.R.D. 703, 707 (E.D.Pa.1980) (vacating entry of default, and noting that defendant cannot waive lack of service by non-appearance be-

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment ... for the following reasons: ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment.

 Sufficient service of process is a jurisdictional prerequisite to bringing a diversity case in federal court. *Free State Receivables, Ltd. v. Claims Processing Corp. of New Jersey*, 76 F.R.D. 85, 87 (D.Md.1977). Where the court lacks jurisdiction to enter judgment, its order is void. *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353–54, 41 S.Ct. 116, 117, 65 L.Ed. 297 (1920); *Commodity Futures Trading Comm'n v. Nahas*, 738 F.2d 487, 492 (D.C.Cir.1984).

Plaintiff purports to have made service on the defendant pursuant to the Pennsylvania Long Arm Statute, 42 Pa. C.S.A. § 5301 *et seq.*, as authorized by Fed.R. Civ.P. 4(c)(2)(C)(i).[2] Pa.R.Civ.P. 404 provides for service outside the commonwealth by any competent adult by mail in the manner provided by Pa.R.Civ.P. 403. Rule 403, in turn, provides that "a copy of the process should be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent."

While these rules establish the basic practice for service of process, reference must be made to Subpart C (Rules 420–425) of the Pennsylvania Rules on Service of Original Process and Legal Papers which provides for service upon particular parties. "Service upon these parties will be made in the manner provided by Rules 400 *et seq. unless the rule relating to a particular type of party specifies otherwise.* In most instances, these rules merely specify the person who is to be served." Pa.R. Civ.P. Service of Original Process and Other Legal Papers, explanatory comment 1985, preceding Rule 400 (emphasis added).

Pa.R.Civ.P. 424 provides that:

Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

*Note:* Substituted service pursuant to Rule 402(a)(2) upon a corporation or similar entity is not permitted by this rule.

 The burden is on the plaintiff to show that service has been made upon a proper agent of the corporation. *Alloway v. Wain-Roy Corp.*, 52 F.R.D. 203, 204 (E.D.Pa.1971). *See Smeltzer v. Deere & Co.*, 252 F.Supp. 552, 555 (W.D.Pa.1966). The plaintiff has not established that the individual served was an executive officer, manager, person in charge of the place of business, or an agent authorized in writing to receive service of process for the corporation.

The fact that there may have been actual notice does not alter the result. "Where the person served is not an agent on whom proper service could be made, the fact that he may have advised the proper corporate official of the complaint is irrelevant." *Alloway*, 52 F.R.D. 203, 205 (service improper even though defendant promptly filed an answer).

The defendant was not properly served under the Pennsylvania Long Arm Statute. Therefore, the default judgment will be set

---

cause, there being no jurisdiction over the person, the twenty day period cannot begin to run). *See Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 873 (3d Cir.), *cert. denied*, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944).

**2.** Service may be made upon a domestic or foreign corporation "pursuant to the law of the state in which the District Court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of such state."

aside, and the service of the Complaint is quashed. An appropriate order is attached.

## ORDER

Upon consideration of the defendant's motion to quash the service of the summons and complaint and to deny plaintiff's request for a default judgment, which I shall treat as a motion to set aside judgment pursuant to Fed.R.Civ.P. 60(b), plaintiff's response, plaintiff's supplemental response, the memoranda submitted by the parties, and for the reasons stated in the attached memorandum, IT IS ORDERED that:

1. The default judgment entered on September 26, 1986 is hereby set aside;

2. The service of the complaint and summons is quashed.

IT IS SO ORDERED.