OPINION OF THE COURT
 

 SEITZ, Circuit Judge.
 

 David A. Lampe (plaintiff) appeals the order of the district court granting the motion of Phillippe G. Woog (defendant) to dismiss his complaint for failure to state a claim. He also appeals that court’s order dismissing his claim against defendant, Xouth, Inc. (Xouth, Inc.). This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.
 

 Plaintiff, a Pennsylvania citizen, brought this diversity action against defendant, a citizen of Switzerland, with a residence in New York, and Xouth, Inc., a Delaware corporation. Defendant is the sole shareholder of Xouth, Inc. Plaintiff alleged a breach of contract based upon a letter executed by all three parties. He asserts that he was never compensated for services performed. Additionally, he seeks consequential damages for the alleged breach of the employment agreement.
 

 Defendant moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint against him for lack of subject matter jurisdiction because Xouth Inc.'s principal place of business was in Pennsylvania, thereby depriving the court of complete diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Defendant also moved to dismiss the claim for insufficiency of service of process and failure to state a claim. Fed.R.Civ.P. 12(b)(5) & (6).
 

 The district court dismissed the claim against Xouth, Inc. because the complaint was filed against it while it was in bankruptcy and an automatic stay was in effect. It also dismissed the claim against defendant because plaintiff’s complaint failed to state a claim. This appeal followed.
 

 
 *700
 
 Our standard of review is plenary except with respect to the denial of the motion to enlarge time in which to effectuate service. Furthermore, because the issues presented here as to defendant and Xouth, Inc. are materially different, we will treat them separately.
 

 A. DISMISSAL OF XOUTH, INC.
 

 Plaintiff sued Xouth, Inc. unaware that it had previously filed a bankruptcy petition. Thus, that action was in violation of the automatic stay provision of the Bankruptcy Code. 11 U.S.C. § 362(a)(1) (1991). Plaintiff then requested the district court to sever the claims and refer his claim against Xouth, Inc. to the bankruptcy court as an adversary proceeding. Instead, the district court dismissed the action against Xouth, Inc. as being void from the inception because of the automatic stay.
 

 The issue presented is whether, in light of 11 U.S.C. § 362(a)(1) of the Code, the district court had authority, at least in the posture of this case, to transfer the action against Xouth, Inc. to the bankruptcy court rather than to dismiss it.
 

 Section 11 U.S.C. § 362(a)(1) provides:
 

 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
 

 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....
 

 As we have stated, the action against Xouth, Inc. violated § 362(a)(1). Indeed, plaintiff does not seem to contend otherwise. Rather, he asserts, as he requested, that the claim should have been severed from the claim against defendant and transferred to the bankruptcy court as an adversary proceeding. He argues that this should be done because counsel for the trustee in bankruptcy for Xouth, Inc. consented to having the complaint deemed to have been filed in the bankruptcy court as an adversary proceeding.
 

 There is a division among the courts as to whether action taken in violation of an automatic stay is void or voidable.
 
 Sikes v. Global Marine, Inc.,
 
 881 F.2d 176, 178 (5th Cir.1989). However, we need not decide which label to employ in this case. The district court could not transfer the case because any action by the court to transfer the claim while the stay was in effect would have made the court a party to plaintiff’s violation of the stay. Nor did the district court have before it a request to take no action so that an application could be made to the bankruptcy court to lift the stay. Thus our case is unlike
 
 Sikes v. Global Marine, Inc.,
 
 relied upon by plaintiff, because in that case the bankruptcy court had lifted the stay.
 

 We therefore conclude that in the circumstance of this case the district court properly dismissed the claim against Xouth, Inc. under the Bankruptcy Code rather than ordering it transferred to the bankruptcy court.
 

 B. CLAIM AGAINST DEFENDANT
 

 When the district court dismissed the claim against Xouth, Inc., it removed the objection to diversity jurisdiction of the district court over the claim against defendant. However, the next issue raised by defendant’s motion to dismiss was that there was no effective service of process over defendant. The district court stated that it need not decide the sufficiency of service since the complaint failed to state a claim. The court’s dismissal under Rule 12(b)(6) requires us first to decide whether the district court was free to avoid deciding the validity of the service of process issue.
 

 It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment.
 
 Insurance Corporation of Ireland v. Compagnie des Bauxites de Guinee,
 
 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). A court obtains personal jurisdiction over the
 
 *701
 
 parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.
 
 Arrowsmith v. United Press International,
 
 320 F.2d 219, 221 (2d Cir.1963);
 
 Royal Lace Paper Works v. Pest-Guard Products,
 
 240 F.2d 814, 816 (5th Cir.1957);
 
 Hemmerich Industries, Inc. v. Moss Brown & Co., Inc.,
 
 114 F.R.D. 31, 32 (E.D.Pa.1987). Indeed, if the defendant was not properly made a party to the action by effective service, he would not be bound by any judgment rendered.
 
 Hansberry v. Lee,
 
 311 U.S. 32, 40, 61 S.Ct. 115, 117, 85 L.Ed. 22 (1940). Consequently, whether the district court properly acquired personal jurisdiction over defendant by service of process could not be assumed. Rather, it had to be decided in the first instance here. We turn then to that issue.
 

 Plaintiff sent a complaint and summons and an acknowledgement form via registered mail to defendant’s New York residence. Neither the registered mail receipt nor the acknowledgement form was returned. Plaintiff then sent a second registered letter to New York containing the summons, complaint and acknowledgement form but the envelope was returned to him stamped “Moved, Not Forwardable.” Finally, plaintiff mailed the same documents to defendant’s Swiss residence and place of business. The registered mail receipts were signed at both locations, but not by the defendant. We must now decide whether any of the three registered mailings constituted effective service under either federal or state law.
 

 A federal district court acquires personal jurisdiction over a defendant when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4 of the Federal Rules of Civil Procedure.
 
 Martin v. Delaware Law School of Widener University,
 
 625 F.Supp. 1288, 1295 (D.Del.1985),
 
 aff'd
 
 884 F.2d 1384 (3d Cir.),
 
 cert. denied
 
 493 U.S. 966, 110 S.Ct. 411, 107 L.Ed.2d 376 (1989). Specifically, the Rule provides,
 
 inter alia,
 
 that service may be effectuated by state law methods under Rule 4(c)(2)(C)(i), or 4(e) when the defendant resides outside of the state’s territory. The Rule also permits service according to the federal method described in Rule 4(c)(2)(C)(ii) as follows:
 

 (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18-A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).
 

 We do not understand plaintiff to be relying on either mailing in New York as constituting effective service under either the federal or state methods. We thus need to decide only whether the third mailing constituted effective service of process.
 

 Plaintiff asserts that the court gained personal jurisdiction over the defendant by service pursuant to Pennsylvania’s long-arm statute. Uniform Interstate and International Procedure Act, 42 Pa.S.C.A. § 5321
 
 et seq.
 
 (1981). Specifically, he relies on the mail procedure for service outside of the Commonwealth provided in Pennsylvania Rules of Civil Procedure 403 and 404. It is true that the federal rules authorize the use of state methods of service on extra-territorial defendants. Fed.R.Civ.P. 4(e). Pennsylvania Rule 403 requires, however, a receipt signed by the defendant or his authorized agent. Plaintiff admits that the defendant did not sign the receipts and has offered no proof that the signatures belong to defendant’s authorized agents. Plaintiff, in fact, concedes that the receipts provide “no indication that the original Summons and Complaint and Acknowledgement had been delivered to defendant....” Plaintiff’s Brief in District Court in Opposition to Defendant’s Motion to Dismiss, at 5. Thus the mailing to Switzerland did not constitute effective service under Pennsylvania law.
 

 
 *702
 
 We next must consider whether the third mailing complied with federal law. It is clear that plaintiff could not have successfully invoked the federal method provided in Rule 4(c)(2)(C)(ii) because Rule 4(f) limits the use of mail service according to that rule to the territory of the state in which the district court sits.
 
 Omni Capital Intern. v. Rudolf Wolff & Co., Ltd.,
 
 484 U.S. 97, 108 S.Ct. 404, 410, 98 L.Ed.2d 415 (1987). The federal method, however, is only one of the means by which to serve process.
 

 Rule 4(i) provides alternative provisions for service in foreign countries. Assuming, without deciding, that this basis for service was raised in the district court, subdivision (1)(D) of that rule permits service “by any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served.” Plaintiff does not allege that the clerk of the court was involved in any way with the mailings. Rather, it appears from the return receipts that plaintiffs attorney mailed the documents to Switzerland. Therefore, the record does not support service according to the alternative provisions of the federal rules.
 

 In short, regardless of the interpretation given plaintiffs efforts to effectuate service, service of process was not completed in Switzerland. Having decided that plaintiff did not effectuate service under either the state or federal methods, we need not address defendant’s contention that once plaintiff began with the federal method and did not succeed, he could only resort to personal service.
 

 We must next consider plaintiffs contention that the district court abused its discretion in not allowing plaintiff a second enlargement of time to effectuate service under Swiss law before dismissing the complaint. Presumably, plaintiff is relying on Rule 4(i)(l)(A) which authorizes service “in the manner prescribed by the law of the foreign country for service in that coun-try_” The district court denied plaintiffs motion under Federal Rule 6(b) as moot based on its ruling that plaintiffs complaint failed to state a claim. Since we have decided that the district court was not entitled to address that issue, the ground for the denial was erroneous.
 

 Because the district court did not address the merits of the motion and since it would appear to be a discretionary matter for the district court’s consideration in the first instance, we conclude that the appeal from the order denying the second motion for enlargement of time should be remanded to the district court for decision. Depending on how it decides the motion, the district court can determine whether the order dismissing the complaint should be vacated.
 

 The order of the district court dismissing the complaint against Xouth, Inc. will be affirmed. The order dismissing the complaint against defendant will be remanded for proceedings consistent with this record.