

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2008

# Bartlette v. Kmart Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3716

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bartlette v. Kmart Corp" (2008). *2008 Decisions.* Paper 1053.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1053

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3716
_____

ILEASE BARTLETTE,

Appellant,

v.

KMART CORPORATION, ET AL.,

Appellee.


_____

Appeal from the Order of the District Court
of the Virgin Islands
(02-cv-00100)
District Judge: Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 6, 2008
_____

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.
(Filed: June 5, 2008 )


_____


OPINION

_____

FUENTES, <u>Circuit Judge</u>.

The District Court granted Kmart's motion to dismiss Ilease Bartlette's action upon determining that its commencement violated the automatic stay provision in the Bankruptcy Code. <u>See</u> 11 U.S.C. § 362(a)(1). We will affirm.

Bartlette filed a complaint on May 28, 2002, alleging that Kmart improperly terminated her employment. She sought monetary damages for violation of the Americans with Disabilities Act, the Civil Rights Act, the Age Discrimination in Employment Act, breach of contract, wrongful discharge, and intentional infliction of emotional distress. However, on January 22, 2002, following Bartlette's termination, but before she filed her complaint, Kmart petitioned for relief under Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

Kmart moved to dismiss Bartlette's complaint arguing that, among other things, it was void under 11 U.S.C. § 362(a)(1). Under § 362(a)(1), Kmart's bankruptcy petition "operate[d] as a stay, applicable to all entities, of — (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title."

The District Court granted Kmart's motion, noting that Bartlette's claims arose before Kmart's petition, Bartlette did not receive relief from the automatic stay under §

362(a)(1), and "any action from [the District Court] against the debtor would be void *ab initio*." Supp. Jt. App. 4 & n.2.[1]  Bartlette, proceeding pro se, appealed to this Court.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

"Consolidating all pre-petition claims against the debtor in one collective proceeding before a bankruptcy court is the essence of bankruptcy."  Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1207 (3d Cir. 1991).  Permitting creditors to continue filing claims against the debtor outside of the bankruptcy proceedings would defeat this purpose.  As such, actions taken in violation of the automatic stay provision are voidable.  See In re Siciliano, 13 F.3d 748, 750 (3d Cir. 1994); Lampe v. Xouth, Inc., 952 F.2d 697, 700 (3d Cir. 1992).  Moreover, "[o]nly the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor."  Maritime Elec. Co., 959 F.2d at 1204.  In this case, as the District Court noted, there is no indication that Bartlette ever received relief from the automatic stay, which would have permitted her to initiate this action.[2]  The District Court did not err in dismissing the complaint.

---

[1]The District Court also found that the Bankruptcy Court's confirmation of Kmart's reorganization plan bars the continuation of this case.  For the reasons stated in our opinion, we find it unnecessary to reach this issue.

[2]In fact, the record shows that in July 2002 Bartlette, with the assistance of counsel, filed a proof of claim with the Bankruptcy Court.  See Supp. Jt. App. 18.  We note that the District Court erred in finding that no such claim was filed, although this mistake was harmless.  While it appears that her claim was ultimately denied, the Bankruptcy Court, not the District Court of the Virgin Islands, was the correct forum in which to pursue her claim.

-3-

For the foregoing reasons, we will affirm.