NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2499
_____

UNITED STATES OF AMERICA

v.

LORIE B. SHARPE,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-02490)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 5, 2023

Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: July 20, 2023)
_____

OPINION[*]
_____

PER CURIAM

        Lorie Sharpe appeals pro se from orders of the United States District Court for the

Eastern District of Pennsylvania denying her motion to dismiss and granting summary

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judgment in favor of appellee. For the following reasons, we will affirm the District Court's judgment.

## I.

From 2012 to 2016, Sharpe filed federal income tax returns that, upon an audit conducted by the Internal Revenue Service ("IRS"), overstated the amount of her income tax withholding. The audit revealed that the IRS had erroneously issued Sharpe over $450,000 in income tax refunds. In 2020, the Government filed an action in the District Court seeking to reduce to judgment its tax assessments against Sharpe, recover the erroneously paid refunds, and collect civil penalty assessments imposed on Sharpe for filing frivolous returns. Sharpe filed a document denominated an answer and subsequently filed a motion to dismiss, asserting that the suit was barred by res judicata and that, although she received actual notice of the action, she was not properly served. The District Court denied Sharpe's motion to dismiss. Upon completion of discovery, the Government brought a motion for summary judgment; Sharpe did not file a response in opposition. The District Court granted the Government's motion for summary judgment and entered a judgment in its favor.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's denial of Sharpe's motion to dismiss based on improper service of process, see McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir.

2

1998), and its grant of summary judgment, see Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).[1]

III.

On appeal, Sharpe challenges the District Court's denial of her improper service of process defense. The District Court, however, correctly concluded that the Government properly effectuated service of process by leaving a copy of the complaint and summons with Sharpe's 17-year-old son at the residence owned by Sharpe and at which she received mail. See Fed. R. Civ. P. 4(e)(2)(B); see also Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("So long as a party receives sufficient notice of the complaint, Rule 4 is to be liberally construed to uphold service.") (quotation marks omitted). The District Court therefore had personal jurisdiction over Sharpe. See Lampe v. Xouth, Inc., 952 F.2d 697, 701 (3d Cir. 1991).

To the extent that Sharpe challenges the District Court's entry of summary judgment in favor of the Government, we agree with the District Court's conclusion that the Government submitted evidence sufficient to demonstrate the existence, amount, and date of each assessment, penalty, or overpayment. See 26 U.S.C. §§ 6702, 7405; Freck v. IRS, 37 F.3d 986, 991 n.8 (3d Cir. 1994) (determining that assessments are presumed valid and establish a *prima facie* case of tax liability). The Government presented evidence that Sharpe received undue refunds totaling $452,803.89, was subject to penalty

---

[1] Sharpe does not challenge the District Court's denial of her motion to dismiss based on res judicata in her brief, and we accordingly do not reach that issue. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

assessments totaling $36,751.10, and owed unpaid taxes totaling $65,101.51, plus interest and other statutory additions.  Sharpe presented no persuasive evidence or argument that she is not liable.  Indeed, she did not challenge the correctness of the amounts due, see United States v. Vespe, 868 F.2d 1329, 1331 (3d Cir. 1989) (holding that once the Government establishes its case, the taxpayer then bears the burden of proving that he or she is not liable for the assessments), and she has arguably forfeited any argument on appeal by failing to meaningfully challenge the District Court's order in her brief, see supra n.1.  Sharpe's remaining contentions, which focus on the repossession of a vehicle, are not germane to this appeal.

For the above reasons, we will affirm the District Court's judgment.  The Government's motion to file a second supplemental appendix is granted.