**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1289

_____

RESOLUTION MANAGEMENT CONSULTANTS, INC.,
Appellant

v.

DESIGN ONE BUILDING SYSTEMS INC;
AMERICA ONE COMPANIES INC;
KENNETH R. DAVIN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-18-cv-12191)
District Judge:  Honorable Robert B. Kugler

_____

Argued March 13, 2024

Before: BIBAS, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Opinion filed: October 11, 2024)

Alexander S. Brown **[ARGUED]**
Flaster Greenberg
1717 Arch Street, Suite 3300
Philadelphia, PA 19103
    *Counsel for Appellant*

Gregory Brown
Melinda Meador **[ARGUED]**
Lowe Yeager & Brown PLLC
920 Volunteer Landing, Suite 200
Knoxville, TN 37915

Keith J. Miller
Robinson Miller LLC
110 Edison Place, Suite 302
Newark, NJ 07102
    *Counsel for Appellees*

_____

OPINION[*]

_____

MONTGOMERY-REEVES, *Circuit Judge*.

In this appeal, Resolution Management Consultants, Inc. ("RMC") seeks reinstatement of a default judgment on its breach-of-contract claim against Design One Building Systems, Inc., American One Companies Inc., (collectively, the "Companies") and Kenneth R. Davin, which the District Court set aside under Federal Rule of Civil Procedure 60(b)(4) for insufficient service of process. RMC also seeks reversal of the District Court's dismissal of the case based on improper venue. For the reasons explained below, we will vacate the District Court's Rule 60(b)(4) order and remand for the District Court to assess evidence of service in the first instance. And we will reverse the District Court's order dismissing the case for improper venue.

## I.    BACKGROUND

RMC, a New Jersey corporation, contracted with Davin and the Companies to provide consulting services (the "Contract") about a United States Department of Veteran Affairs (the "VA") facility that Davin had built. RMC performed the services; Davin and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the Companies subsequently settled their dispute with the VA; but they refused to pay RMC for its services.

In July 2018, RMC sued Davin and the Companies in the District of New Jersey (the "New Jersey Action") for payment under the Contract. RMC attempted to apprise Davin and the Companies of the lawsuit in several ways.

First, shortly after filing the New Jersey Action, RMC tried to serve Davin and the Companies at 201 Randolph Street, Knoxville, Tennessee 37917 (the "Randolph Street Address") several times by hand-delivery. RMC got the Randolph Street Address through a litigation Davin filed, pro se, against RMC in Tennessee state court a week before RMC filed the New Jersey Action. The complaint in the Tennessee lawsuit stated that Davin was "the 100% stockholder and President of both Design One Building Systems, Inc. and America One Companies, Inc., both of which are Tennessee Corporations with principal offices located at 201 Randolph Street, Knoxville TN 37917." App. 051. The summons listed the Randolph Street Address as Davin's address. And Davin sent a letter to RMC asking it to "mail any correspondence to [him] at the [Randolph Street Address]" as he was "not available for communication via email regarding legal matters such as these[.]" App. 121. (emphasis omitted). Tennessee Department of State records also identified the Randolph Street Address as the Companies' address for a time and named Davin as the registered agent for the Companies.

Second, RMC attempted to apprise Davin and the Companies of the lawsuit by mailing the papers to the Randolph Street Address and several other addresses. On

3

August 15, RMC first mailed the summons, complaint, and a request for waiver of service to the addresses. On October 5, RMC sent the papers by regular and certified mail, return receipt requested, to two addresses, including the Randolph Street Address. On October 15, Kerry Browder, who worked for a tenant at the Randolph Street Address, signed a certified mail receipt for the pleadings at that address.

Third, RMC sent the papers to Davin and the Companies by email through an alternative dispute resolution firm and by directly emailing Davin.

Davin and the Companies did not respond to the Complaint or enter an appearance in the New Jersey Action. In November 2018, RMC moved for default judgment. RMC served the motion by regular and certified mail to the Randolph Street Address. Again, Davin and the Companies failed to respond, and the District Court entered a default judgment against them (the "New Jersey Judgment"). Several months later, RMC registered the New Jersey Judgment in the Eastern District of Tennessee (the "Tennessee Action").

In December 2020, Davin and the Companies filed a motion in the Tennessee Action to set aside the New Jersey Judgment due to lack of personal jurisdiction, insufficient service of process, due process violations, and procurement by fraud.

Numerous people filed affidavits in connection with the motion to set aside the New Jersey Judgment. Particularly relevant here, Davin's business associate Susan Carrichner and her assistant Stephanie Malone, who were both tasked with gathering Davin's mail, filed affidavits. Carrichner stated in her affidavit that on August 15, 2018, she received a copy of the summons and complaint by email. On August 16, Malone

4

brought her several hard copies of the summons and complaint, which she directed Malone to give to Davin. Carrichner also stated that she discussed the lawsuit with Davin, who appeared to be evading RMC's efforts to serve him as "his strategy for avoiding the lawsuit." App. 130 ¶15. Malone's affidavit stated that she retrieved the envelopes from the mail, opened them and saw the summons and complaint, took them to Carrichner, and then gave the papers to Davin at Carrichner's direction. But Davin challenged the affidavits, saying Carrichner is not credible and maintaining he was never served.

The Tennessee Action was transferred to the District of New Jersey, which set aside the New Jersey Judgment under Federal Rule of Civil Procedure 60(b)(4) due to insufficient service of process. Then, the New Jersey District Court consolidated the Tennessee Action with the New Jersey Action (the "Consolidated Action"). Davin and the Companies moved to dismiss the Consolidated Action. The District Court granted the motion to dismiss, holding that venue was improper in New Jersey under 28 U.S.C. § 1392(b)(1)–(3). RMC timely appealed.

## II. DISCUSSION[1]

This appeal requires the Court to resolve two primary issues: (1) whether the District Court erred in setting aside the New Jersey Judgment under Federal Rule of Civil Procedure 60(b)(4) for improper service of process; and (2) whether the District Court erred in dismissing the Consolidated Action for improper venue.

### A. Service of Process

RMC argues that the District Court erred in granting Davin and the Companies' Rule 60(b)(4) motion to set aside the New Jersey Judgment based on improper service.[2]

---

[1] The District Court had jurisdiction over this case under 28 U.S.C. § 1332. We have jurisdiction over this appeal under 28 U.S.C. § 1291. This Court exercises plenary review of determinations under Federal Rules of Civil Procedure 4 and 60(b)(4) and over the District Court's legal determination that venue was improper. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 n.5 (3d Cir. 2008) (citing *Page v. Schweiker*, 768 F.2d 150, 152 (3d Cir. 1986)); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1303–04 (3d Cir. 1995).

[2] Federal Rule of Civil Procedure 60(b)(4) provides for relief when a judgment is void. A judgment may be void "if the court that rendered it lacked jurisdiction of the subject matter or the parties. . . ." *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978). A court lacks personal jurisdiction over a defendant if the defendant has not been properly served. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."); *United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000) ("As a general matter, we have held that the entry of a default judgment without proper service of a complaint renders that judgment void."). "A federal District Court acquires personal jurisdiction over a defendant when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4 of the Federal Rules of Civil Procedure." *Lampe*, 952 F.2d at 701.

6

Specifically, RMC argues that it properly served Davin under Federal Rule of Civil Procedure 4(e)(2)(A) and the Companies under Rule 4(h)(1)(B).[3]

"[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Under the Federal Rules of Civil Procedure, service may be made on any individual within the United States by "delivering a copy of the summons and of the complaint to the individual personally[.]" Fed. R. Civ. P. 4(e)(2)(A). A corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h)(1)(B). Rule 4(c)(2) specifies that a server may be "[a]ny person who is at least 18 years old and not a party" to the litigation. Fed. R. Civ. P. 4(c)(2).

A plaintiff may also properly serve process by complying with the governing state law "where the district court is located," here New Jersey. Fed. R. Civ. P. 4(e)(1), (h)(1)(A). "The primary method of obtaining *in personam* jurisdiction over a defendant in [New Jersey] is by causing the summons and complaint to be personally served within

---

[3] Davin argues that RMC forfeited the argument that it served Davin personally under Rule 4(e)(2)(A) by failing to raise it below. But in his brief Davin acknowledges that the affidavits supporting personal service "were discussed extensively in the [District Court] briefing by both parties." Response Br. 20. We cannot square Davin's forfeiture assertion with this acknowledgment.

[the] State pursuant to [Rule] 4:4-3[.]" N.J. Ct. R. 4:4-4(a).[4] For an individual, service must be "upon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over . . . or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf[.]" N.J. Ct. R. 4:4-4(a)(1). Service may be "[u]pon a corporation, by serving a

---

[4] **(a) Summons and Complaint**. Summonses shall be served, together with a copy of the complaint, by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult not having a direct interest in the litigation. If personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment. If the addressee refuses to claim or accept delivery of registered or certified mail, service may be made by ordinary mail addressed to the defendant's usual place of abode. The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service. Mail may be addressed to a post office box in lieu of a street address only as provided by R. 1:5-2. Return of service shall be made as provided by R. 4:4-7.

N.J. Ct. R. 4:4-3(a).

8

copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent. . . ." N.J. Ct. R. 4:4-4(a)(6).

When a defendant cannot be personally served in state "despite diligent effort and inquiry," as shown by an affidavit complying with New Jersey Court Rule 4:4-5(b), a plaintiff may use "substituted or constructive service" to serve them out of state. N.J. Ct. R. 4:4-4(b), (b)(1). Substituted or constructive service on an individual defendant may occur in another state "in the same manner as if service were made within [New Jersey]." N.J. Ct. R. 4:4-4(b)(1)(A). Substituted or constructive service on a corporation may occur by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail . . . addressed to a registered agent for service, or to its principal place of business, or to its registered office. . . ." N.J. Ct. R. 4:4-4(b)(1)(C). "Where service is made by registered or certified mail and simultaneously by regular mail, the return receipt card, or the printout of the electronic confirmation of delivery, which shall include an image of the recipient's signature, provided by the U.S. Postal Service, or the unclaimed registered or certified mail shall be filed as part of the proof." N.J. Ct. R. 4:4-7.

The District Court held that "[g]iven that the burden to demonstrate proper service rests with the Plaintiff, and Plaintiff has not been able to point to a clear-cut example where Defendants were served properly in accordance with either Rule 4 or the Court Rules for the State of New Jersey . . . the original judgment is void." App. 14–15.

9

The District Court explained that RMC "did not adhere to the requirements of the Court Rules for the State of New Jersey because there is no indication in the record that they simultaneously sent copies of the summons to the defendant by both certified and ordinary mail, not just certified mail alone." *Id*. at 14. But letters in the record from RMC's counsel to Davin and the Companies suggest that RMC served the Companies by both regular and certified mail, return receipt requested, meeting the Rule 4:4-4(b)(1)(C)'s "simultaneous" mailing requirement. N.J. Ct. R. 4:4-4(b)(1)(C).

The District Court next determined that service was not proper because Davin and the Companies did not respond as required by New Jersey Court Rule 4:4-4(c). Rule 4:4-4(c) provides that "[w]here personal service is . . . made by registered, certified or ordinary mail," "such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto." *Id*. The parties agree that Davin and the Companies never personally answered or otherwise responded to the Complaint. But Rule 4:4-4(c) only applies to "Optional Mailed Service," and Rule 4:4-4(b) contains no similar response provision. *See Citibank, N.A. v. Russo*, 759 A.2d 865, 868 (N.J. Super. Ct. App. 2000) (explaining the difference between service under Rule 4:4-4(c) and Rule 4:4-4(b)(1) and holding that under Rule 4:4-4(b)(1) "service is valid even if the defendant does not answer or appear, and may provide the basis for entry of a default judgment.").

The District Court did not elaborate on its holding that RMC failed to satisfy Federal Rule of Civil Procedure 4.

On appeal, RMC argues that it properly served both Davin and the Companies under New Jersey Court Rules because RMC's counsel submitted an affidavit establishing the impossibility of service in New Jersey and sent the papers by regular and certified mail to several addresses including the Randolph Street Address (Davin's principal place of business and registered agent's address). Opening Br. 18–19.

RMC also argues that it properly served Davin under Federal Rule of Civil Procedure 4(e)(2)(A) and the Companies under Federal Rule of Civil Procedure 4(h)(1)(B). Opening Br. 16–17. Carrichner testified that Malone brought her the papers on August 16, 2018, and Carrichner instructed Malone to give the papers to Davin. App. 130. Malone testified that she hand-delivered a copy of the summons and complaint to Davin personally. *See* Fed. R. Civ. P. 4(e)(2)(A). Malone testified she was at least 18 years old at the time, and she is not a party to the litigation. *See* Fed. R. Civ. P. 4(c)(2).[5] According to RMC, these affidavits prove that RMC properly served Davin *and* the Companies when Malone hand-delivered the papers to Davin. *See* Fed. R. Civ. P. 4(e)(2)(A); Fed. R. Civ. P. 4(h)(1)(B).[6]

RMC asks us to reinstate the New Jersey Judgment because it was not void under the Federal Rules and New Jersey law. Unfortunately for RMC, we are unable to do so because we conclude that the question of service turns on disputed questions of fact and

---

[5] Carrichner also testified that Davin forwarded a notice of the lawsuit to her email with the papers attached, which she saved to her computer desktop on August 8, 2018.

[6] It is undisputed that Davin was the registered agent of the Companies. *See* Fed. R. Civ. P. 4(h)(1)(B).

credibility assessments that should be resolved by a factfinder.  Therefore, we vacate the judgment and remand the matter to the District Court.

On remand, the District Court should investigate whether RMC properly served both Davin and the Companies under the New Jersey Court Rules, considering in the first instance the evidence supporting RMC's satisfaction of the simultaneous mailing requirement.  The District Court should also consider whether RMC satisfied Federal Rules of Civil Procedure 4(e)(2)(A) and (h)(1), considering in the first instances the Malone and Carrichner affidavits and the related dispute of Carrichner's credibility.[7]  The

---

[7] We note that the affidavits also might be interpreted to reflect that Davin intentionally evaded service.  *See* Carrichner's affidavit, App. 130 ("Mr. Davin was always flippant about the New Jersey matter, stating while I worked with him that they would never get service on him.  Indeed, that appeared to be his strategy for avoiding the lawsuit.").  Some circuits have adopted a relaxed service standard where a defendant actively avoids a plaintiff's attempts at hand-delivery but nonetheless receives notice of the suit.  *See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009) (holding that "sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service."); *Novak v. World Bank*, 703 F.2d 1305, 1310 n. 14 (D.C. Cir. 1983) (holding that where "a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person"); *Norris v. Causey*, 869 F.3d 360, 370 (5th Cir. 2017) (explaining that "a defendant's refusal to accept service is not rewarded when the process server announces the nature of the documents and leaves them in close proximity to [a] defiant defendant.  [T]hat doctrine has been extended to cases involving substituted service on a family member.  So if [a defendant's] wife was present and refusing service the day of the posting, leaving the summons on the door may have qualified as [] permissible 'substituted service.'" (citation omitted)).  To the extent the District Court finds Davin was not served under the Federal or New Jersey Court Rules, we ask the District Court to assess whether Davin was nonetheless personally served based on active evasion.

12

District Court may also consider any other argument or evidence it deems necessary to determine whether service was proper.

## B. Venue

Finally, RMC asserts that venue was proper in New Jersey under 28 U.S.C. § 1391(b)(2), contrary to the District Court's ruling.

A defendant bears the burden of proving improper venue. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982). "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim[.]'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Among other places, venue is proper in any district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). To "assess[] whether events or omissions giving rise to the claims are substantial," we "look at the nature of the dispute." *Cottman Transmission Sys.*, 36 F.3d at 295.

The nature of the dispute is a breach-of-contract action. For breach-of-contract actions, this Court has said that venue is proper "where the plaintiff resides, the defendant transacts business, the contract was signed, and events triggering the dispute occurred." *Jumara v. State Farm Ins.*, 55 F.3d 873, 878–79 (3d Cir. 1995). Under New Jersey law, to prove a breach-of-contract claim, RMC must show: (1) the existence of a valid contract between itself, Davin, and the Companies; (2) that it performed under the contract; (3) failure of Davin and the Companies to perform their obligations under the

13

contract; and (4) a causal relationship between the breach and its alleged damages. *See Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016); *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2012) (citing *Coyle v. Englander's*, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985)).

Evidence in the record shows that venue is proper in New Jersey under this Court's precedent for breach-of-contract claims. *Jumara*, 55 F.3d at 878–79. RMC "resides" in New Jersey; the contract was negotiated by RMC from New Jersey; and some of the events triggering the dispute occurred in New Jersey. Further, the vast majority of labor performed on this contract occurred in New Jersey. Contrary to the District Court's suggestion, events beyond the decision not to pay are not only relevant but essential to RMC's claim. *Igdalev*, 139 A.3d at 64; *Sheet Metal Workers*, 737 F.3d at 900. And many of these events—showing the existence of a valid contract, proving RMC performed under the contract, and establishing the causal relationship between the breach and the damages—occurred in New Jersey. In fact, the only event that appears to not have a tie to New Jersey is Davin and the Companies' decision not to pay. Thus, venue is proper in New Jersey.[8]

---

[8] *Cf. Cottman Transmission Sys.*, 36 F.3d at 295–96 (holding that venue was not proper in Pennsylvania because the contract on which the plaintiff based its claims was *executed and performed* in Michigan, the defendant's business was located in Michigan, the telephone directories central to the claim were issued and used in Michigan, and the unauthorized use of the trademarks issued occurred in Michigan and *only* the non-payment occurred in Pennsylvania).

**III. CONCLUSION**

For the reasons discussed above, we reverse the dismissal order; we vacate the

Rule 60(b)(4) order; and we remand for further proceedings consistent with this Opinion.